The intention of the testator seems plainly to have (521) been to transfer the beneficial interest in the lands to Rachel and *Page 426 
her children; and were there no legal impediments to the effecting of such an object, I should think the words made use of equivalent to an express devise of the land. But it is indispensable to the validity of every devise that there be a devisee appointed who is competent to take. Slaves have not that competence; for a civil incapacity results from the nature and condition of slavery. And it would be a solecism that the law should sanction or permit the acquisition of property by those from whom it afterwards withholds that protection without which property is useless. From this principle an important difference arises between slavery as it is established in this State and the condition of villeinage as it existed in England prior to the statute, Car., 2. A villein might bring an action against any person who did him an injury, except his lord; and even against him in some particular cases. If, therefore, he purchased land, although the lord might enter upon it and seize it to his own use; yet while he permitted the villein to hold, the land would descend to the children of the latter, in a regular course of descent; and the law, while it furnished them with a remedy against any who should disturb their possession, also gave them, in time, a title by prescription against their lords. A villein might also lawfully dispose of what he had acquired if he completed the transfer before his lord made a seizure.
In all these instances the characteristics of slavery are different; for a slave can bring no action; he can neither acquire nor transfer property, by descent or purchase; nor will prescription avail him to assert a title against his master. The devise cannot, therefore, in the present case, operate anything.
JOHNSTON and MACAY, JJ., concurred.
Judgment for the plaintiff.
(522) Jocelyn for the plaintiff.
Sampson for the defendant.
Cited: Kirkpatrick v. Rogers, 41 N.C. 134.
NOTE. — See Haywood v. Craven, 4 N.C. 360; Wright v. Lowe, 6 N.C. 354;Huckaby v. Jones, 9 N.C. 120; Turner v. Whitted, ibid., 613;Stevens v. Ely, 16 N.C. 493; Sorrey v. Bright, 21 N.C. 113; Pendletonv. Blount, ibid., 491; White v. Green, 86 N.C. 45. By an act passed in 1830 (1 Rev. Stat., ch. 111, sec. 59), a testator may emancipate his slaves by his last will, upon condition of their being removed out of the State; and if they are thus emancipated and sent out of the State they may take property bequeathed to them under the same will. Cameron v. Commissionersof Raleigh, 36 N.C. 436. *Page 427